UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


TOMMY CARPENTER,

           Petitioner,

vs.                               Case No.  2:11-cv-332-FtM-29DNF

SECRETARY, DEPARTMENT OF CORRECTIONS; ATTORNEY GENERAL, STATE OF FLORIDA,

           Respondents.
_____


**<u>ORDER OF DISMISSAL WITH PREJUDICE</u>**

Petitioner Tommy Carpenter ("Petitioner" or "Carpenter"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on May 5, 2011.[1] Pursuant to the Court's Order to respond and show cause why the Petition should not be granted (Doc. #7), Respondent filed a Limited

---

[1] The Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

Response (Doc. #8, Response), incorporating a motion to dismiss the Petition on the grounds that the Petition is time barred pursuant to 28 U.S.C. § 2244(d).[2] Respondent submits exhibits (Exhs. 1-17) in support of the Response. See Appendix of Exhibits (Doc. #10).

---

[2]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner did not file a reply to the Response, and the time to do so has long expired. See docket. This matter is ripe for review.

Carpenter challenges his 2004 judgment of conviction for aggravated battery using a deadly weapon. Petition at 1; Response at 1. Carpenter's sentences and conviction were *per curiam* affirmed on direct appeal on December 28, 2005. Exh. 5. Consequently, Carpenter's state conviction became final on **Tuesday, March 28, 2006.** See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed); see also Chavers v. Sec'y Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006)(holding entry of judgment, not issuance of mandate, is the event that starts the running of time for seeking Supreme Court review).[3] This was after the April 24, 1996, effective date of the AEDPA. Thus, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on Wednesday, March 28, 2007.[4]  Consequently, the Petition filed in this Court on May 5, 2011, would be untimely, unless Petitioner availed himself of one of the statutory provisions that

---

[3]A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review." 20 U.S.C. § 2244(d)(1)(A). For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[4]Applying "anniversary date of the triggering event." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008).

extends or tolls the time period, or Petitioner can demonstrate that he is entitled to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010).

**Tolling of Federal Limitations Period**

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Here, Petitioner filed a Rule 3.800(a) motion on February 20, 2006, before his conviction became final. The 3.800(a) motion was pending until the court granted the motion on June 23, 2006. Thus, no time counted against Petitioner's filing deadline.

On May 1, 2006, Petitioner filed a state habeas corpus petition raising ineffective assistance of appellate counsel claims. This state habeas tolled the AEDPA time period until rehearing was denied on April 9, 2007. No properly filed motions were pending until Petitioner filed a Rule 3.850 motion on October 15, 2007. Thus, **189 days** (from April 9, 2007 to October 15, 2007) of untolled time elapsed.

The postconviction court denied Petitioner relief on his Rule 3.850 motion, Petitioner appealed, and on September 8, 2010, the appellate court issued an order *per curiam* affirming the postconviction court's decision. Petitioner sought rehearing, but the appellate court dismissed the motion as untimely by order issued November 10, 2010. Exh. 14. Petitioner's untimely request for

rehearing does not toll the AEDPA statute of limitations because it was not "properly filed" under Florida law. Smartmays v. State, 937 So. 2d 712 (Fla. 2006)(postconviction movant's motion for rehearing did not toll 30-day period for filing notice of appeal from denial where motion for rehearing was filed more than 15 days after he was served with order denying postconviction relief); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2254(d)(2).").

Petitioner then sought a belated appeal on December 9, 2010, which was dismissed. Exh. 15(a). Petitioner's motion for a belated appeal in this case does not toll the AEDPA time period. See Fla. R. App. P. 9.141(c)(1); see generally McMillian v. Sec'y for Dep't of Corr., 257 F. App'x 249, 253 (11th Cir. 2007)(unpublished)(rejecting the idea that a state post-conviction motions remains "pending" after the standard time to file an appeal expires merely because the state provides a procedure for seeking an out-of-time appeal in special circumstances or because the state court ultimately grants a petition for an out-of- time appeal); but see Williams v. Crist, 230 F. App'x 861, 868 (11th Cir. 2006)(unpublished)(finding in a case prior to amendment of Fla. R. App. P. 9.141(c)(1), a motion for belated appeal tolled the AEDPA time period because the motion was filed within the the limitations period, other motions were continuously pending during the time period, and the appellate court granted an appellant's

motion for a belated appeal, *inter alia*). Here, the appellate court denied Petitioner's motion for a belated appeal, after dismissing his appeal as untimely. See generally Evans v. Chavis, 546 U.S. 189, 191 (2006) (noting the time that an application for state postconviction review is pending includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided* that the filing of the notice of appeal is timely under state law)(citations omitted)(emphasis in original). Consequently, the AEDPA clock ran from September 9, 2010 (the date the appellate court issued an order affirming the postconviction court's denial of Petitioner's Rule 3.850 motion) until the date he filed the instant Petition on May 5, 2011, amounting to **238 days** of untolled time to elapse. Altogether Petitioner allowed **427 days** (189 + 238) of untolled time to elapse. Thus, the instant Petition is subject to dismissal because it is untimely unless Petitioner is entitled to equitable tolling.

**Equitable Tolling**

AEDPA's statutory limitations period may be equitably tolled. Holland, 560 U.S. at 645. Equitable tolling applies only when a petitioner "demonstrates (1) diligence in his efforts to timely file a habeas petition and (2) extraordinary and unavoidable consequences." Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003), aff'd, 544 U.S. 295 (2005). The

Eleventh Circuit has emphasized that equitable tolling "is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling). Here, Petitioner articulates no reasons why he should be entitled to equitable tolling of the federal limitations period. See Lugo v. Sec'y Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014)(emphasizing a petitioner's burden in establishing entitlement to equitable tolling).

Consequently, the Court finds that the instant Petition is untimely and does not find Petitioner has demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED with prejudice as time-barred**.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this __8th__ day of August, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

sa: alr
Copies: All Parties of Record